UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ALDO M. GOMEZ,

    Plaintiff,

vs.

THE SOUTHERN DIE CASTING
CORPORATION, a Florida for-profit corporation;
and NORLIZA BATTS, individually,

    Defendants.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff ALDO M. GOMEZ, through undersigned counsel, sues Defendants THE SOUTHERN DIE CASTING CORPORATION, a Florida for-profit corporation ("SDCC), and NORLIZA BATTS, individually ("BATTS"), and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation and minimum wages as required by the federal Fair Labor Standards Act, 29 U.S.C. §206(a) and 207(a) ("FLSA"), and its implementing regulations. This is also an action for state common law breach of contract for failure to pay earned wages.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b). This Court also has supplemental jurisdiction over Plaintiffs' non-federal, state common law breach of contract claim pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Miami-Dade County, Florida, and are *sui juris*.

5. Defendant SDCC is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Miami-Dade County, Florida. SDCC is, and at all relevant times was, a manufacturer and seller of window hardware that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. Upon information and belief, Defendant BATTS is, and at all relevant times has been, a resident of Miami-Dade County, Florida, and is *sui juris*. At all relevant times, BATTS was and still is an owner, operator, and the President of SDCC, was and still is an agent of SDCC, acted in the course and scope of his employment and agency as owner, operator, and the President of SDCC with regard to Plaintiff, and oversaw, supervised, and controlled the day-to-day operations of SDCC.

7. At all relevant times SDCC was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00. In addition, BATTS was at all relevant times, and still is, a statutory "employer" under the FLSA in that he acted, directly or indirectly, on behalf of SDCC in relation to Plaintiff, and regularly exercised authority to hire and fire employees of SDCC, determined the work schedules of employees of SDCC, set the rates of pay and compensation for employees of SDCC, controlled the finances and operations of SDCC, and oversaw, supervised, and controlled the day-to-day operations of SDCC.

8. At all times during his employment with Defendants, Plaintiff was a non-exempt machine operator who regularly worked over 40 hours in one or more work weeks.

9. Plaintiff was employed by Defendants from on or about March 2009 until in or about February 2017, when he was terminated. During the relevant period of his employment and until the date of his termination, Plaintiff was paid a regular hourly rate of $9.00. Plaintiff estimates that he worked an estimated 150 to 200 overtime hours during the 149 weeks period before his termination for which he received no payment.

10. For the final seven weeks of his employment, (weeks 150 to 156 of his employment) Plaintiff regularly worked more than 40 hours in one or more of the work weeks, but was paid no wages at all, not even the federally mandated minimum wage of $7.25 per hour. During this 7 week period, Plaintiff was also not paid the required time and one-half his regular hourly rate for all overtime hours he worked. Plaintiff estimates that he worked an estimated 4 to 10 overtime hours over this seven-week period of employment for which he received no payment.

11. Plaintiff estimates that he was not paid at least the federally mandated minimum wage for approximately 280 hours of work over the seven-week period, for an estimated $2,030 in unpaid minimum wages, plus an equal amount of liquidated damages as provided by the FLSA. Plaintiff estimated that he worked an estimated 210 hours of overtime at an overtime premium rate of $13.50 per hour, for a total unpaid overtime amount due of $2,835.00, plus an equal amount of liquidated damages as provided by the FLSA.

12. Plaintiff has kept some of his pay records, but the complete records of the compensation actually paid to Plaintiff and the time Plaintiff worked are, or should be, in the possession, custody, and control of Defendants. Upon information and belief, however,

Defendants have failed to keep and maintain all the required records of hours worked and wages paid to Plaintiff and other employees per the record-keeping requirements of the FLSA.

13. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

14. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

### COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

15. Plaintiff re-alleges paragraphs 1 through 14 as if set forth fully herein.

16. Under the FLSA, Defendants were obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the full time and one-half his regular hourly rate of pay for the overtime hours he worked, as required by the FLSA.

17. Defendants have failed and refused to pay Plaintiff the required full time and one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a).

18. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the extra time and one-half his regular hourly rates, minus the cash payments made to him, for all hours worked in excess of 40 hours per work week, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimates unpaid overtime is alleged in paragraphs 10 and 11 above.

19. Defendants engaged in their overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

20. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff ALDO M. GOMEZ demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;
2. An award to Plaintiff of all unpaid overtime as required under the FLSA,
3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,
4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and
5. Such further relief as the Court deems just and equitable.

### COUNT II – UNPAID MINIMUM WAGE VIOLATION OF FLSA

21. Plaintiff re-alleges paragraphs 1 through 14 as if set forth fully herein.

22. Under the FLSA, Defendants were obligated to pay Plaintiff at least the federally mandated minimum wage of $7.25 per hour for all regular hours he worked up to 40 hours per work week. Plaintiff worked his final seven weeks of employment without receiving any wages whatsoever, not even the federal minimum wage as required by the FLSA.

23. Defendants have failed and refused to pay Plaintiff the federally mandated minimum age for all regular hours he worked in the final seven weeks of his employment, in violation of the FLSA minimum wage requirements of 29 U.S.C. §206(a).

24. As a direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages equal to the unpaid minimum wages for all hours worked up to 40 hours per work week for the final seven weeks of his employment, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimates unpaid minimum wages as set forth in paragraphs 10 and 11 above.

25. Defendants engaged in their minimum wage violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

26. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

WHEREFORE, Plaintiff ALDO M. GOMEZ demands judgment against Defendants, jointly and severally, for the following relief:

1. A declaration that Defendants are in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;
2. An award to Plaintiff of all unpaid overtime as required under the FLSA,
3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,
4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and
5. Such further relief as the Court deems just and equitable.

**COUNT III – COMOMON LAW BREACH OF CONTRACT/UNPAID WAGES**

27. Plaintiff re-alleges paragraphs 1 through 14 as if set forth fully herein.

28. This is a Florida common law action for breach of contract for failure to pay Plaintiff his due wages.

29. Defendant SDCC verbally agreed to pay, and for many weeks and years did pay, Plaintiff wages at the hourly rate of $9.00 in exchange for the performance of Plaintiff's services as a machine operator for SDCC.

30. For the final seven weeks of his employment and into February 2017, Plaintiff performed all the services and duties that were required of him under his employment contract with SDCC, but SDCC failed and refused to pay him any of his promised wages. Plaintiff estimates that he worked approximately 310 hours for which he did not receive at least his promised $9.00 per hour of wages, for total unpaid wages of $2,790.00.

31. Plaintiff is due an estimated $2,790.00 in unpaid wages, plus interest for the dates that each payment to him was due.

32. SDCC breached its contract with Plaintiff for not paying him his promised wages in exchange for his services as an employee.

33. As a direct and proximate result of SDCC's breach of contract, Plaintiff has suffered damages of at least $2,790.00 in unpaid wages.

34. As this is an action for unpaid wages, Plaintiff is entitled to recover his costs and his reasonable attorney's fees pursuant to §448.08, Fla. Stat.

WHEREFORE, Plaintiff ALDO M. GOMEZ demands judgment against Defendant SDCC for compensatory damages in the amount of all unpaid wages, plus pre-judgment interest from the dates each age payment became due, plus post-judgment interest, costs, attorney's fees, and such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: June 27, 2017.

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>8751 W. Broward Blvd., Suite 303<br>Plantation, FL 33324<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br><br>By  *s/ Roderick V. Hannah*<br>    RODERICK V. HANNAH<br>    Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br><br>By  *s/ Pelayo M. Duran*<br>    PELAYO M. DURAN<br>    Fla. Bar No. 0146595 |